Date Signed:
July 5, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MARIE ELAINE MINICHINO,<br><br>       Debtor. | Case No. 16-00009<br>Chapter 13<br><br>Re: Docket No. 53 |

ORDER DENYING MOTION FOR RECONSIDERATION

    Marie Elaine Minichino has been the debtor in three chapter 13 cases, including this one. (The prior cases are numbered 11-01628 and 15-00383.) In her most recent prior case (Case no. 15-00383), she failed to file most of the documents required in a chapter 13 relief, including schedules of assets and liabilities and a chapter 13 plan. The court entered an order (Dkt.# 7) requiring her to file the missing documents by April 10, 2015, and providing that her case would be dismissed, with a 180 day bar on refiling, if she did not comply.

    Ms. Minichino did not file the required documents. Instead, she filed a motion (Dkt. # 12) for voluntary dismissal of her case. The court entered an order (Dkt. # 13) dismissing the case for her failure to file documents.

Less than 180 days after the dismissal of her prior case, Ms. Minichino commenced this case. She seeks reconsideration of the 180 day bar imposed in her prior case, arguing (in summary) that she should be permitted to seek chapter 13 relief (again) because a condominium owners association has commenced a foreclosure proceeding that she believes is wrongful.

Section 109(g) of the Bankruptcy Code prevents certain kinds of "serial filings":

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if–
>
> > (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
> >
> > (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

There is no doubt that Ms. Minichino's failure to obey the court's order in her prior case to file the required documents was "willful." "A debtor's conduct is willful within the meaning of section 109(g)(1) 'when it [is] intentional, knowing and voluntary, as opposed to conduct which is beyond the person's control.'"[1] Ms. Minichino's motion for voluntary dismissal proves that she chose not to comply with the court's orders and instead wanted her case to be dismissed. Thus, the statute required the 180 day bar.

---

[1] *In re Bradley*, 152 B.R. 74, 76 (E.D. La. 1993) (quoting *In re McIver*, 78 B.R. 439, 441 (D.S.C.1987).

Nothing in the record suggests that dismissal of this case would be illogical or unjust under the circumstances.[2] Ms. Minichino's misconduct in her first case (Case no. 11-01628) was so severe that I dismissed that case with prejudice (meaning that no debts that could have been discharged in that case could be discharged in any subsequent case) and with a one year bar on refiling. Thus, Ms. Minichino has a documented history of abusing the bankruptcy system to the detriment of her creditors. Granting her relief from the 180 day bar in this case would be unjust.

Therefore, the motion is DENIED. Because this case was filed in violation of the 180 day bar ordered in the prior case, this case is DISMISSED.

END OF ORDER

---

[2] *In re Leafty*, 479 B.R. 545, 550-51 (9th Cir. BAP 2012)("Section 109(g)(2) is not jurisdictional in nature and therefore, the bankruptcy court has discretion to suspend the application of the statute and not dismiss a debtor's case under certain circumstances.")